# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 21-1724

———————————————————

Jeffrey Charles Rodd

*Plaintiff - Appellant*

v.

Warden Leann LaRiva et al.

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: September 15, 2020
Filed: September 20, 2021
[Unpublished]

————————

Before LOKEN, BENTON, and KOBES, Circuit Judges.

————————

PER CURIAM.

Federal inmate Jeffrey Rodd brought this action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act against various prison staff, alleging they were deliberately indifferent to his serious medical needs when they left him outside in sub zero weather in December 2014, causing serious

injury to his eyes, and then delayed effective treatment until successful surgeries on each eye in 2017.

The district court[1] granted summary judgment dismissing Rodd's <u>Bivens</u> claims for failure to exhaust available administrative remedies, as he did not attempt to file formal grievances. <u>See</u> <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003). His alleged blindness did not excuse failure to exhaust because Bureau of Prisons regulations provide for assistance in obtaining administrative remedies, and Rodd did not allege that prison officials prevented him from seeking assistance. <u>See</u> 28 C.F.R. § 542.16(a). The court dismissed Rodd's Federal Tort Claims Act claims because they were not adequately presented in any of the five prior administrative tort claims Rodd filed; this action was not filed within six months after the Bureau of Prisons denied the only arguably related claim, <u>see</u> 28 U.S.C. § 2401(b); and Rodd was not entitled to equitable tolling because he failed to establish that anything prevented him from timely filing suit, <u>see</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).

After careful review of the record, we agree with the district court's analysis and further conclude the court did not abuse it discretion in denying Rodd's motion for appointment of counsel. Accordingly, we affirm the judgment of the district court but modify dismissal of the <u>Bivens</u> claims to be without prejudice. We deny Rodd's request that we appoint appellate counsel.

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.